David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Phone: (602) 265-3332
Fax:    (602) 230-4482

Attorneys for Plaintiffs
Adam Russi and Norma Russi

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Russi and Norma Russi,<br><br>                    Plaintiffs,<br>v.<br><br>Blueshore Recovery Systems, LLC and Waylon D. Hinson,<br><br>                    Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

    collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Adam Russi and Norma Russi, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of Blueshore Recovery Systems, LLC and Waylon D. Hinson, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendants do business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendants conducted business within the State of Arizona.

## PARTIES

12. Plaintiffs are natural persons who reside in the City of Phoenix, State of Arizona.

13. Defendant Blueshore Recovery Systems, LLC ("Defendant Blueshore") is located in the City of Fort Mill, County of York, State of South Carolina.

14. Defendant Waylon D. Hinson ("Defendant Hinson") is located in City of Charlotte, County of Mecklenburg, State of North Carolina.

15. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. Sometime before February 21, 2013, Plaintiffs are alleged to have incurred certain financial obligations.

18. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before February 21, 2013, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.

20. Plaintiffs dispute the validity of this alleged debt as they believe it was already paid.

21. Subsequently, but before February 21, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

22. On or about February 21, 2013, Defendants' agent left Plaintiffs a voicemail stating in part, "This message is being left in accordance of federal law... [regarding] allegations against your name and social."

23. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

24. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

25. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

26. These statements on Plaintiffs' voicemail were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

27. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

28. During this call, Defendants failed to disclose that Defendants were attempting to collect a debt and that any information obtained would be used for that purpose. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

29. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

30. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of

**HYDE & SWIGART**
Phoenix, Arizona

the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

31. During the month of February, Plaintiff Adam Russi's mother, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), received a call from Defendant. This call was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiffs, Plaintiffs' attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

32. During these conversations, Defendants have been leaving messages using terms such as "federal," "accusations," and "urgent."

33. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

34. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.
35. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.
36. Plaintiffs are informed and believes, and there upon allege that the debt in question has previously been settled, and Defendant has no right to collect on it.
37. Therefore, Defendants were attempting to collect an amount not owed and it therefore violated 15 U.S.C. § 1692f(1).
38. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).
39. Due to Defendants' abusive actions, Plaintiffs have suffered mental anguish type damages which included symptoms including but not limited to: stress, anxiety, embarrassment, humiliation, impacting their personal relationships.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

40. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.
41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
42. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### NEGLIGENT TRAINING AND SUPERVISION

43. Defendant Hinson was negligent in the training, and/or supervision of employees.

44. Defendant Hinson's actions and omissions constitute negligence in that Defendant Hinson owed Plaintiff a duty to train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

45. The action an omissions of Defendant Hinson as described herein constitute grossly negligent training, and/or supervision in that Defendant Hinson owed Plaintiff a duty to train, and/or supervise employees properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and Defendant Hinson's actions and omissions demonstrate a want of scant care and indifference to the rights of Plaintiff.  The actions of Defendant Hinson were willful, malicious, and wanton.  The actions of Defendant Hinson were highly unreasonable and demonstrate an extreme departure from ordinary care.

46. Plaintiff suffered damages due to Defendant Hinson's actions in an amount to be determined by proof by the finder of fact at trial.

47. Plaintiff is entitled to punitive damages for the actions, and omissions of Defendant Hinson as described herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### NEGLIGENT TRAINING AND SUPERVISION

- Special, general, and compensatory damages and punitive damages to be determined at trial; and
- For such other and further relief as may be just and proper.

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: March 15, 2013        By: /s/ David J. McGlothlin
                                David J. McGlothlin
                                Attorneys for Plaintiffs